UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH SAWYER<br><br>　　　　　　　Plaintiff,<br><br>against<br><br>JOHN BREGLIO, KATHRYN BREGMAN, DAVID CLOSSEY, ELLEN CONRAD, MICHAEL FELDBERG, STEPHEN GREENBERG, WILLIAM HAINES, ROBERT ERNSTOFF, SUSAN BRAM, PETER LIEB, MICHAEL FREEDMAN, LINDA GELFOND, MARY MORGAN and MARTIN PJETRI,<br><br>　　　　　　　Defendants. | Case No.<br>_____<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendants John Breglio, Kathryn Bregman, David Clossey, Ellen Conrad, Michael Feldberg, Stephen Greenberg, William Haines, Robert Ernstoff, Susan Bram, Peter Lieb, Michael Freedman, Linda Gelfond, Mary Morgan and Martin Pjetri (collectively, "Defendants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby remove the above-captioned action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York (Index No. 151778/2024), where the action was originally filed and is currently pending.

Defendants state the following in support of removal:

### I.　　　PROCEDURAL BACKGROUND

1.　　On February 27, 2024, Elizabeth Sawyer ("Plaintiff") commenced this action by filing a complaint against Defendants, captioned *Elizabeth Sawyer v. John Breglio, Kathryn Bregman, David Clossey, Ellen Conrad, Michael Feldberg, Stephen Greenberg, William Haines, Robert Ernstoff, Susan Bram, Peter Lieb, Michael Freedman, Linda Gelfond, Mary Morgan and*

*Martin Pjetri*, Index No. 151778/2024, in the Supreme Court of the State of New York, County of New York (the "State Court Action").  A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. Certain of the Defendants have been served with the Summons and Complaint, including but not limited to, Peter Lieb and Linda Gelfond.

3. The remaining Defendants are in the process of accepting service of process through counsel.

4. Defendants have not filed an answer or otherwise responded to the complaint, and no proceedings have been commenced in the Supreme Court of the State of New York in the State Court Action.

5. All Defendants consent to removal of this action from the Supreme Court of the State of New York to the Southern District of New York.

6. Defendants have timely filed this Notice of Removal within thirty (30) days of service of the complaint.  *See* 28 U.S.C. § 1446(b)(1).

## II.     GROUNDS FOR REMOVAL

7. Defendants remove this action pursuant to 28 U.S.C. § 1441(b) on the ground that the District Courts of the United States have original jurisdiction based upon a federal question pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1965 because the action arises under the Racketeer Influenced and Corrupt Organizations ("RICO") Statute, 18 U.S.C. §§ 1961-1968.  Thus, removal is proper under 28 U.S.C. § 1441(b).

## III.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

8. This Notice of Removal is properly filed in the United States District Court for the Southern District of New York.  The Supreme Court of the State of New York for the County of

New York is located within the Southern District of New York.  Venue for removal is therefore proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. §§ 1391.

9. This Notice of Removal is timely because it is being filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  28 U.S.C. § 1446(b)(1). "[T]he commencement of the removal period c[an] only be triggered by formal service of process." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001); *accord Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 65 (2d Cir. 2012).

10. Plaintiff filed her complaint on February 27, 2024.  Defendant Peter Lieb was personally served on February 29, 2024.  Defendant Linda Gelfond accepted service of process of the complaint on March 1, 2024.  Accordingly, less than thirty (30) days have passed since the first of the Defendants were served.

11. Therefore, the instant Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

12. All Defendants consent to removal.

### IV.  NOTIFICATIONS

13. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Supreme Court of the State of New York, County of New York, and will be served upon counsel for the Plaintiff.

### V.  RESERVATION OF RIGHTS

14. This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service, and jurisdiction.  No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case.  Nothing in this Notice of Removal

should be taken as an admission that the Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that the Plaintiff is entitled to or otherwise may recover any of the amounts described above.

15. If this Court rules pleadings and other documents lack adequate information from which to ascertain the prerequisites to jurisdiction under 28 U.S.C. § 1331, the removal clock will have not begun to run, and Defendants reserve the right to remove this action at the appropriate time. *See Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

**WHEREFORE**, Defendants respectfully request that the above action, now pending before the Supreme Court of the State of New York, County of New York, be removed to the United States District Court for the Southern District of New York, and that no further proceedings be had in this case in the Supreme Court of New York, County of New York.

Dated: New York, New York
March 5, 2024

| **AKERMAN LLP** | **ROSENBERG & ESTIS, P.C.** |
|---|---|
| By: _/s/ Kathleen M. Prystowsky_____<br>Joshua D. Bernstein<br>Kathleen M. Prystowsky<br>Thomas J. Bullock<br>1251 Avenue of the Americas, 37th Floor<br>New York, New York 10020<br>Tel. (212) 880-3800<br>Joshua.Bernstein@akerman.com<br>Kathleen.Prystowsky@akerman.com<br>Thomas.Bullock@akerman.com<br><br>*Counsel for Defendant Linda Gelfond* | By: _____<br>Michael A. Pensabene<br>Harris W. Davidson<br>733 Third Avenue<br>New York, New York 10017<br>Tel. (212) 551-8406<br>Mpensabene@rosenbergestis.com<br>Hdavidson@rosenbergestis.com<br><br>*Counsel for Defendants John Breglio, Kathryn Bregman, David Clossey, Ellen Conrad, Michael Feldberg, Stephen Greenberg, William Haines, Robert Ernstoff, Susan Bram, Peter Lieb, Michael Freedman, Mary Morgan, and Martin Pjetri* |

To: **MORRISON COHEN LLP**
Christopher Milito
Mahnoor Misbah
909 Third Avenue
New York, New York 10022
Tel. (212) 735-8600
*Attorneys for Plaintiff*

2

**EXHIBIT A**
(State Court Action Summons and Complaint)